# Case 3:04-cv-05546-RBL   Document 30   Filed 06/03/05   Page 1 of 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL AUDETT,<br><br>                Plaintiff,<br><br>     v.<br><br>JOSEPH LEHMAN,<br><br>                Defendant. | Case No.  C04-5546FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 1, 2005 |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c). (Dkt. #11).

      In his motion, defendant argues this action is barred by a running of the statute of limitations.  In his response, plaintiff argues that the discovery rule, conspiracy, favorable termination, and equitable tolling should apply to this action. (Dkt. #22).  Three of these theories (discovery rule, conspiracy and equitable tolling) could render defendant's statute of limitations argument invalid.  The fourth theory, favorable termination, would result in dismissal without prejudice.

      Defendant filed his reply. (Dkt. #27).  The undersigned concludes that the discovery rule and the conspiracy argument do not apply to the facts of this case.  While the defendants also argue that favorable termination would result in dismissal without prejudice, the court disagrees that the concept is applicable to

REPORT AND RECOMMENDATION
Page - 1

1  the facts of this case.  Review of the doctrine of equitable tolling convinces the court that the doctrine is
2  inapplicable to the facts of this case.  Accordingly, the undersigned recommends that this action be
3  **DISMISSED AS TIME BARRED**.

4                                                           FACTS

5      Plaintiff, a former inmate, alleges he had an earned early release date of September 28, 1999, (Dkt.
6  #7).  He  was not released by the Department of Corrections until November 3, 2000. Id.  When he was
7  released from prison on November 3, 2000, he was held for civil commitment proceedings by parties who
8  are not named defendants in this action. (Dkt. #22).

9      This action was not filed until October 22, 2004. (Dkt. #7).  Plaintiff filed this action, claiming the
10 Secretary of the Department of Corrections is liable for holding him past his earned early release date. Id.

11                                                       DISCUSSION

12 I.   Standard of Review

13     Any party may bring a motion for judgment on the pleadings "[a]fter the pleadings are closed but
14 within such time as not to delay the trial." Fed. R. Civ. P. 12(c).  All allegations of material fact in the non-
15 moving party's pleadings are taken as true and "construed in the light most favorable to that party."
16 General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,
17 887 F.2d 228, 230 (9th Cir. 1989); Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999).
18 All inferences to be drawn from those facts also are construed in favor of the party opposing the motion, as
19 are all "[u]ncontested allegations to which the [moving] party had an opportunity to respond." Qwest
20 Communications Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (citing Flora v. Home
21 Fed'l Sav. & Loan Ass'n, 685 F.2d 209, 211 (7th Cir. 1982); Ludahl v. Seaview Boat Yard, Inc., 869 F.
22 Supp. 825, 826 (W.D. Wash. 1994) (citing General Conference Corp., 887 F.2d at 230).

23     The standard of review that is applied to a motion for judgment on the pleadings is essentially the
24 same as that which is applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Luhdahl, 869
25 F. Supp. at 826 (citing William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*, 9-58.6 (The
26 Rutter Group 1993); Qwest, 208 F.R.D. at 291 (Fed. R. Civ. P. 12(b)(6) and 12(c) are substantially
27 identical).  Under that standard, the court should not dismiss the complaint, "unless it appears beyond
28 doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

1  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

2  Dismissal may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts
3  alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.
4  1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a
5  claim under 42 U.S.C. § 1983. Jones v. Community Development Agency, 733 F.2d 646, 649 (9th Cir.
6  1984); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Therefore, even though the court is to
7  construe the complaint liberally, such construction "may not supply essential elements of the claim that
8  were not initially pled." Pena, 976 F.2d at 471.

9  II.   Plaintiff's Claim Is Time Barred

10  The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of
11  limitations from the state cause of action most like a civil rights act is used. Usually this is a state's
12  personal injury statute. In Washington, a plaintiff has three years to file an action. Rose v. Rinaldi, 654
13  F.2d 546 (9th Cir 1981). Plaintiff was first aware he was being held past his earned early release date on
14  September 28, 1999, when he was not released. The alleged violation was ongoing until November 3,
15  2000, when he was released. For purposes of this motion, the court will use the November 3, 2000 date
16  for the statute of limitations analysis. Therefore, plaintiff had until November 3, 2003, to file an action.
17  This action was commenced on October 22, 2004, when plaintiff paid the filing fee and submitted the
18  complaint. (Dkt. #7). The statue of limitation had run nearly twelve months earlier.

19  Plaintiff argues his cause of action did not accrue until the state court issued its decision in In re
20  Dutcher, 114 Wn.App. 755 (2002). (Dkt. # 30, page 2). This argument is without merit. The court's
21  holding in Dutcher is not an element of plaintiff's case. Rather, it is a legal determination that the facts in
22  Dutcher stated a viable claim. The discovery rule relates to the discovery of facts, not legal conclusions.
23  That rule, therefore, is not available to plaintiff in this case.

24  Plaintiff next argues conspiracy, but he has not named the proper defendants for that claim. He has
25  not named in this action any of the persons responsible for his civil commitment. Further, plaintiff has
26  presented no evidence showing bad faith. See Del Guzzi Constr. Co. v. Global Northwest Ltd., 105 Wn.2d
27  878, 885, 719 P.2d 120 (1986); Millay v. Cam, 135 Wn.2d 193, 206, 955 P. 2d 791. (1998).

28  Plaintiff also argues that equitable tolling applies to his case. In order for equitable tolling to apply,

REPORT AND RECOMMENDATION
Page - 3

the plaintiff must show that some action of the state prevented him from filing his case in a timely manner. Plaintiff fails to make that showing here. Thus, the doctrine of equitable tolling is not applicable to this case.

Plaintiff knew he had been denied his earned early release starting September 28, 1999, through November 3, 2000. He failed to file within the three year time period. Accordingly, this action is time barred and should be **DISMISSED WITH PREJUDICE**.

Finally, plaintiff argues his case should be dismissed without prejudice so that he can challenge the validity of his current civil commitment. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's reliance on Heck is misplaced. The holding of Heck precludes a plaintiff from challenging a current conviction or confinement in a civil rights action as the proper forum for an action that calls into question the propriety of current confinement is a *habeas corpus* action.

The time for plaintiff to file a *habeas* action that challenges his release date on a prior conviction has elapsed. As of November 3, 2000, plaintiff was not in custody. A *habeas* filing challenging his prior conviction would be inappropriate.

The propriety of plaintiff's current confinement at the Special Commitment Center is not an issue before this court. This action seeks damages for failing to release plaintiff from the Department of Corrections on his earned early release date. Plaintiff did not seek release from his current confinement or a ruling that the civil commitment proceedings were invalid. Accordingly, this action is time barred and should be **DISMISSED WITH PREJUDICE**.

Plaintiff, for the first time, raises an issue in his response regarding the effect, if any, on a person being held beyond his earned early release date and the impact that may have on the jurisdiction of a court to consider a sexually violent predator petition. That issue, however, has not yet been resolved by the state court, and therefore does not rescue plaintiff's case from the statute of limitations defense raised by defendants.

## CONCLUSION

For the reasons outlined above, the undersigned recommends this action be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),

the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. <u>See also</u> Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **July 1, 2005**, as noted in the caption.

    Dated this 3rd day of June, 2005.

                                                   Karen L. Strombom
                                                   United States Magistrate Judge